UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ABDISELAN A.A., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, *United States Attorney General*; <br><br> KRISTI NOEM, *Secretary, United States Department of Homeland Security*; <br><br> TODD M. LYONS, *Acting Director, United States Immigration and Customs Enforcement*; <br><br> DAVID EASTERWOOD, *Acting Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*; <br><br> Respondents. | Civil No. 26-358 (JRT/ECW) <br><br><br><br><br><br><br><br> **ORDER DENYING RESPONDENTS' MOTION TO DISMISS OR TRANSFER** |

On January 15, 2026, Petitioner Abdiselan A. A. filed a Petition for a Writ of Habeas Corpus (Docket No. 1.) He alleges that U.S. Immigration and Customs Enforcement ("ICE") officers arrested him on January 14, 2026, and that he is being unlawfully detained. (Pet. Writ of Habeas Corpus ¶ 2, Jan. 15, 2026, Docket No. 1.) Petitioner subsequently filed a Motion for a Temporary Restraining Order, in which he states that ICE transferred him to a detention facility in El Paso, Texas, following his arrest in Minnesota. (Mot. TRO at 2,

Jan. 17, 2026, Docket No. 6.)  Petitioner's TRO motion requests his immediate return to Minnesota and his immediate release from detention.  (*Id.* at 6.)

On January 19, 2026, Respondents filed a "Consent Motion to Dismiss or Transfer." (Jan. 19, 2026, Docket No. 8.)  Respondents state that "petitioner in this case was transferred to a detention facility in El Paso, Texas at approximately 4:00 p.m. on January 15, 2026," and that his arrival there "precedes submission of [Petitioner's] habeas petition, which was filed at 11:55 p.m. that day."  (*Id.* at 1.)  Respondents contend that the proper venue for the habeas petition is therefore the U.S. District Court for the Western District of Texas—and that "counsel for Federal Respondents has consulted with Petitioner's counsel, and the parties agree transfer of venue under 28 U.S.C. § 1406(a) is warranted in the interest of justice."  (*Id.*)[1]

After careful consideration, the Court will deny the motion to transfer.  In a typical case involving a habeas petition brought under 28 U.S.C. § 2241(a), a petitioner who "seeks to challenge his present physical custody within the United States . . . should name his warden as respondent and file the petition in the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004).  These procedural requirements exist because a writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody," *Braden v. 30th Jud. Cir. Ct. of*

---

[1] The only signature that appears on the motion belongs to counsel for Respondents. (Docket No. 6.)

*Ky.*, 410 U.S. 484, 494–95 (1973), and the district court must "have jurisdiction over" that custodian, *Padilla,* 542 U.S. at 434.  The Supreme Court has described these rules, which are "derived from the terms of the habeas statute," as being intended to "prevent[] forum shopping by habeas petitioners"—because without them, a prisoner could name a "high-level supervisory official as respondent and then sue that person wherever he is amenable to long-arm jurisdiction."  *Id.* at 447.[2]

But this Court has recognized that in certain cases, a court may deviate from these "basic rules."  *See Padilla*, 542 U.S. at 454 (Kennedy, J. concurring); *see also Xia v. King*, No. 24-2000, 2025 WL 240792, at *2 (D. Minn. Jan. 17, 2025) (recognizing the existence of certain exceptions).[3]  One such exception is for cases in which "the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* at 454 (Kennedy, J., concurring).  In these cases, jurisdiction is proper "in the district court from whose territory the petitioner had been removed."  *Id.*  Departing from the presumptive jurisdictional inquiry in certain narrow situations helps ensure that the "the Kafkaesque specter of supplicants wandering endlessly from one jurisdiction to another

---

[2] "These rules, however, are not jurisdictional in the sense of a limitation on subject-matter jurisdiction." *Padilla*, 542 U.S. at 451 (Kennedy, J., concurring).  They are instead "best understood as a question of personal jurisdiction or venue."  *Id.*

[3] Relatedly, when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply" the typical rules for determining the proper forum for a habeas petition. *Padilla*, 542 U.S. at 450 n.18.

in search of a proper forum" does not come to pass. *Eisel v. Sec. of the Army*, 477 F.2d 1251, 1258 (D.C. Cir. 1973).

The Court concludes that this District was a proper forum at the time Petitioner's counsel filed the habeas petition. The filings before the Court show that ICE officials arrested Petitioner in Minnesota on January 14, 2026, and that his habeas petition was filed in this District the very next day, January 15. In that brief intervening time, Respondents had moved Petitioner across the country to a detention facility in El Paso, Texas. While it appears that the Western District of Texas was the jurisdiction in which Petitioner was physically confined at the time the petition was filed, the exceptions discussed above guide that this fact alone does not preclude Minnesota from serving as a proper forum to hear the petition. It is far from clear that in the course of preparing the habeas petition, Petitioner's counsel had any means to determine when and whether Respondents intended to move Petitioner somewhere else in the country, and, if so, where that "somewhere else" may be.[4] Nor is it clear that Respondents informed Petitioner where he was being transferred, or permitted him to relay such information to counsel.

---

[4] Relevantly, the initial habeas petition stated: "On information and belief, DHS in Minnesota has adopted a practice of detaining refugees and transferring them outside this judicial district. Petitioner therefore seeks an emergency order enjoining Respondents from transferring him outside this judicial district and ordering his immediate release." (Petition for Writ of Habeas Corpus, ¶ 3, Jan. 15, 2026, Docket No. 1) (emphasis removed).

The Court concludes, as other judges in this District have, that when "Government-controlled transfers," like the one in this case are "executed within hours of detention and before communication with counsel is possible" such conduct "risk[s] defeating timely judicial review." *E.E. v. Bondi*, No. 26-314, at 5 (D. Minn. Jan. 17, 2026). To alleviate this concern and to allow the Court to provide timely relief to Petitioner, the Court finds that it possessed jurisdiction at the time counsel for Petitioner filed the habeas petition, and retains it still. The Court will therefore deny the motion and order Respondent to file a response on the merits of the petition.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondents' Motion to Dismiss or Transfer is **DENIED**.

2. Respondents are **DIRECTED** to file an answer to the petition for a writ of habeas corpus of Petitioner Abdiselan A. A. **no later than 5:00 p.m. on Friday, January 23, 2026**, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

3. Respondents' answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

    b. Specifically, whether a warrant exists providing a lawful basis for Petitioner's arrest. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); and

    c. A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims.

4. No later than 24 hours after Respondents file their answer, Petitioner must notify the Court whether he intends to file a reply and whether any subsequent orders by the Court should be filed under seal pending a request for redactions. If Petitioner intends to file a reply to Respondents' answer, he must do so by no later than **5:00 p.m. on Saturday, January 24, 2026**. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

DATED: January 21, 2026

at Minneapolis, Minnesota.

                                                       JOHN R. TUNHEIM
                                                     United States District Judge