UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ABDISELAN A.A.,

                      Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*;

                      Respondents.

Civil No. 26-358 (JRT/ECW)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Abdulwahid Osman, **ABDULWAHID LAW FIRM PLLC**, 2929 Chicago Avenue, Suite 110, Minneapolis, MN 55407; Robin Chandler Carr, **LAW OFFICE OF ROBIN CARR**, 2929 Chicago Avenue, Suite 110, Minneapolis, MN 55407, for Petitioner.

Ana H. Voss, David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Abdiselan A.A. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on January 14, 2026. He filed a petition for a writ of habeas corpus the next day, arguing that he is being detained unlawfully. Because the

Court concludes that Petitioner's detention is unlawful, the Court will grant the petition for habeas corpus and order that he be immediately returned to Minnesota and released from custody.

## BACKGROUND

Petitioner is a citizen of Ethiopia who has been present in the United States since 2024. (Verified Pet. Writ Habeas Corpus ("Pet.") ¶ 4, Jan. 15, 2026, Docket No. 1.) On October 10, 2024, Petitioner crossed the United States border near Calexico, California, presented himself to U.S. Border Patrol officers, and expressed a fear of returning to Ethiopia. (*Id.*) Petitioner was ultimately paroled into the United States under § 212(d)(5)(A) of the Immigration and Nationality Act. (*Id.* ¶ 6.) His parole expired on November 27, 2025, but his timely filed asylum application remains pending in immigration court. (*Id.* ¶ 8.)

On January 14, 2026, when Petitioner appeared for a scheduled appointment with ICE's Intensive Supervision Appearance Program, he was arrested and detained. (*Id.* ¶ 2.) He alleges that his arrest and detention were conducted without a warrant and without justification, and seeks an order granting his release from custody, or in the alternative, a bond hearing. (*Id.* at 14–15.)

## DISCUSSION

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis

the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025).  The factual record before the Court shows that Petitioner was arrested, without a warrant, while already in the United States—where he has been present for over a year, complied with the terms of his parole, and is seeking asylum.  For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Petitioner's detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy.  In previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy.  However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant the petition for writ of habeas corpus, and order that Petitioner be returned to Minnesota immediately, and released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Abdiselan A.A.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

    d. Respondents must release Petitioner with all personal documents, such as driver's licenses, passports, or immigration documents, and without conditions such as location tracking devices.

    e. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 2, 2026**. Further, the parties shall advise the Court whether any additional

proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. Petitioner Abdiselan A.A.'s Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. [6]) is **DENIED as moot**.

DATED: January 29, 2026                      _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota                      JOHN R. TUNHEIM
at 5:12 P.M.                      United States District Judge